IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUGENE BALL,
60 Kingsessing Street
Philadelphia, PA 19143
Plaintiff, : **JURY TRIAL DEMANDED**

v. : CV. NO. 2: 26-cv-8478

DETECTIVE MICHAEL DAMIANO,
Individually and in his official capacity as
A Detective with the Pottstown
Police Department :
100 East High Street
Pottstown, PA 19464

JOHN AND JANE DOES :
Individually and in their official capacity as
Employees with Pottstown
Police Department
100 East High Street
Pottstown, PA 19464
:

Defendants :

## COMPLAINT

NOW COMES, the Plaintiff, Eugene Bull, by and through his counsel, Michael A. Walker, Esquire, and do hereby allege and aver the following:

## I. PRELIMINARY STATEMENT

1. This matter arises from the extraordinary misconduct of the Pottstown Police Department by and through the actions of their employee or employees including Detective Michael Damiano, who caused the wrongful arrest, malicious prosecution, and wrongful detention and imprisonment of Plaintiff Eugene Bull.

2. This matter is grounded in civil rights and is brought pursuant to 42 U.S. C. § 1983 that challenges the constitutionality of the actions of the Pottstown Boro Police Department,

Detective Michael Daimiano, Jane and John Does, and other entities and officials that resulted in the arrest, detention, prosecution and incarceration of Plaintiff, Eugene Bull.

3. Plaintiff seeks declaration that the actions of Defendants violated his constitutional rights. He also seeks redress from all defendants who caused his arrest, malicious prosecution and false imprisonment in the form of nominal, actual, and punitive damages against all Defendants for the flagrant, malicious, willful, wonton and knowing violation of Plaintiff's Fourth and Fourteenth Amendment rights and various State claims as well as costs of this litigation, including reasonable attorneys' fees.

## II. JURISDICATION AND VENUE

4. This action is instituted under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act of 1871 (hereinafter referred to as the "Act"), as amended, 42 U.S. C 1983, 1985 and 1988.

5. This Honorable Court has jurisdiction over this action pursuant to 28 U.S. C. § 1331 and § 1343(a)(3), 1343(a)(4) which confers original jurisdiction on federal district courts in all civil actions arising under the laws and Constitution of the United States.

6. The court has supplemental jurisdiction over the pendant state-law claims pursuant to 28 U.S. C. § 1367 because these claims arise out of the same events as the federal claims.

7. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391 (b), insofar as the alleged unlawful conduct complained of in this Compliant, which forms the factual and legal basis of the Plaintiffs' claims, arose within the geographical limits of this District in general and within the geographical limits of the County of Montgomery, Pennsylvania, in particular.

## III. IDENTIFICATION OF PLAINTIFF

8. Eugene Bull is a 19-year-old African-American male and citizen of the United States who currently resides at 60th Kingsessing Street, Philadelphia, PA., Philadelphia County.

## IV. IDENTIFICATION OF DEFENDANTS

9. Defendant Pottstown Boro Police Department upon information and belief is a law enforcement government entity responsible for the public safety of the Citizens in Pottstown, PA and acts in and under the laws and Constitution of the Commonwealth of Pennsylvania.

10. Defendant, Michael Damiano, Detective for the Pottstown Boro Police Department, is sued in his official capacity and at all relevant times he was employed as a Detective and acted within the scope of his employment and all times relevant hereto was entrusted with the power to prosecute and enforce the laws of the Commonwealth of Pennsylvania and the Ordinances of the County of Montgomery. Detective Damiano was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under the authority and color of the law and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions or acted independently of them.

11. Defendant John and Jane Does, for the Pottstown Boro Police Department, are sued in their official capacity and at all relevant times they were employed at the Pottstown Boro Police and acted within the scope of their employment and all times relevant hereto were entrusted with the power to prosecute and enforce the laws of the Commonwealth of Pennsylvania and the Ordinances of the County of Montgomery. Pottstown Boro Police Department employees were entrusted to protect the Constitutional rights of those they encountered, and at all times relevant hereto, were acting under the authority and color of the law and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions or acted independently of them.

## V. PRE DISCOVERY FACTUAL ALLEGATIONS

12. Paragraphs 1 - 11 of the complaint are incorporated herein by reference, the same as though plead in full.

13. On or about June 19, 2025, Pottstown Police responded to a report of an assault at 326 Walnut Street in Pottstown, PA.

14. Officer Phillippe Leboutillier responded to the scene and met with assault victim Justin Fox, who was bleeding from his head but could not describe his attacker.

15. Officer Leboutillier canvased the area for the crime scene and any evidence.

16. Detective Michael Damiano was assigned to the case and began case review including collecting further evidence.

17. Detective Damiano collected video from neighboring businesses and viewed a video of the incident and without any investigation or corroborating evidence immediately identified Mr. Bull as the attacker.

18. Detective Damiano drafted the affidavit and complaint, stating without any doubt that the attacker was Mr. Bull, yet he provided no articulable facts that probable cause existed to suggest Mr. Bull was in fact the attacker.

19. In fact, other than the wrongful identification of Mr. Bull as the attacker no other articulable evidence existed in the entire discovery packet that pointed to Mr. Bull as the attacker.

20. Detective Damiano simply stated Mr. Bull was the attacker with no regard for probable cause and no regard for finding the truth through the most minimal of investigation and he was ultimately arrested and charged with aggravated assault.

21. Sadly, and stereotypically, Detective Damiano, and possibly other defendants employees pointed to Mr. Bull as the attacker by simply looking at a video and misidentifying Mr. Bull as if all black men look the same.

22. There was no eyewitness, no physical evidence and no other credible evidence to

suggest that Mr. Bull committed the crime.

23. Bail was set at the astronomical amount of $75000, cash, wiping away any notion of the presumption of innocence to wit there was absolutely no earthly way Mr. Bull would be able to post.

24. Mr. Bull remained incarcerated without any evidence that he was the attacker.

25. Police provided no evidence other than the insufficient, unsubstantiated misbelief the attacker was Mr. Bull and proceeded to simply lock him up with no regard to his constitutional rights.

26. The Commonwealth wrote and swore to the affidavit of probable cause, that Mr. Bull was the attacker and mentioned him by name some 13 times yet provided no facts other than the conclusory statements that the attacker has been identified as Eugene Bull.

27. The Commonwealth employees callously swore to this affidavit regarding the identity of the attacker being either grossly negligent, derelict in their investigation or simply incompetent in misleading the court as to probable cause.

28. The Affidavit was signed and sworn to by Detective Michael Damiano of the Pottstown Boro Police Department and subsequently approved at some point by Assistant District Attorney Robert Waeltz.

29. It is absolutely appalling and unconscionable that the Commonwealths would draft averments and present to the Court accusations only with no indicia of anything approaching evidence.

30 Mr. Bull was arrested and charged with crimes he did not commit and completely absent of probable cause.

31. What is more disturbing is the fact that the Commonwealth relied on a misidentification with no evidence whatsoever that Mr. Bull was even involved knowing he would be placed in prison in violation of his constitutional rights.

32. After ADA Waeltz investigated more, the Commonwealth finally realized they had wrongfully arrested and prosecuted a man with no evidence they finally withdrew the charges but only after approximately 9 months of incarceration.

33. Detective Damiano and John and Jane Does either knew or should have known that the affidavit was insufficient and lacking probable cause.

34. Indicting, arresting and detaining Mr. Bull with such clear lack of evidence and probable cause, violated his rights under the Fourth Amendment and removed all checks and balances that make up what our system of justice is prior to the decision to remove his afforded liberties.

35. His arrest and imprisonment for a crime he did not commit was the direct result of the defendant detective and the John and Jane Does of the Pottstown Boro Police lack of due diligence, lack of investigation, the willful and intentional disregard for exculpatory evidence, the lack of training, illegal factual misrepresentation and the callous discriminatory lack of empathy against Mr. Bull.

36. The defendants' actions in prosecuting Mr. Bull were reckless, oppressive and with complete disregard to the truth, justice and his Constitutional rights.

37. The defendants' collective actions and inactions caused and continue to cause Mr.

Bull substantial and significant damage. Through his wrongful arrest, wrongful incarceration and malicious prosecution he has experienced physical pain and suffering, loss of life enjoyment, emotional trauma and the deprivation of his liberty.

38. The unlawful conduct of the defendants outlined above caused Mr. Bull to be wrongfully arrested, prosecuted and imprisoned for approximately 270 days for a crime he did not commit.

39. As a direct and proximate result of defendants' actions Mr. Bull sustained ongoing injuries and damages, including loss of his freedom, pain and suffering, mental anguish, emotional distress, indignities, degradation, permanent loss of natural psychological development, and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, vocational opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment and freedom of speech and expression.

40. As a direct and proximate result of defendants' actions Mr. Bull sustained economic injuries and damages, earnings and loss of career opportunities.

## VI. Count I
## PLAINTIFF V. ALL Defendants
## 42 U.S.C. 1983 (Unlawful Seizure/False Arrest)

41. Paragraphs 1-40 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

42. The conduct of Defendants, acting under color of law, unlawfully arresting, restraining, handcuffing, transporting, and incarcerating the Plaintiff constituted a seizure for purposes of the Fourth Amendment to the United States Constitution, in that he experienced, inter alia, an unreasonable deprivation of his freedom of movement.

43. Said arrest and seizure was unreasonable and without probable cause in that the facts and circumstances available to the Defendants would not warrant prudent officers in believing that the Plaintiff had committed a crime, which would justify his arrest and seizure or would necessitate further investigation.

44. The Plaintiff was subjected to unlawful seizure and arrest in violation of the Fourth Amendment of the United States Constitution.

45. As a result of the unlawful seizure and false arrest affected upon the Plaintiff, the Plaintiff suffered damage as stated herein.

46. The individual Defendants are personally liable for their direct involvement in the commission of the acts complained of herein.

47. Defendants' actions in arresting, restraining, handcuffing, transporting, and seizing Plaintiff were unreasonable in light of the surrounding circumstances.

48. Defendants' did in fact arrest, restrain, handcuff, transport, and seize Plaintiff without probable cause in violation of the Pennsylvania and United States Constitution.

49. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer severe emotional, psychological, economic and physical damage and losses.

50. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer those injuries, damage and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

## VII. Count II
## 42 U.S.C. 1983
## False Imprisonment and/or Detention
## Against Defendant Officers

51. Paragraphs 1-50 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

52. Defendant Officers, acting under color of law, either individually or acting in concert, subjected the Plaintiff to false imprisonment in violation of his Constitutionally protected Fourth Amendment rights.

53. The Defendants deliberately and intentionally arrested, and or intentionally detained, the Plaintiff in custody, or unlawfully confined him.

54. Said detention was unlawful because they lacked probable cause.

55. The facts and circumstances, which were within the knowledge of the Defendants at the time of Plaintiffs' arrest, were not sufficient to warrant a man of reasonable caution to believe that the Plaintiff had committed or was committing a crime for which an arrest and imprisonment was authorized under the law.

56. As a result of being subjected to False Imprisonment, in violation of her Constitutionally protected rights under the Fourth Amendment, Plaintiff suffered the damages alleged herein.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

**VIII. Count III**
**42 U.S. C. § 1983**
**(Malicious Prosecution)**
**PLAINTIFF V. ALL DEFENDANTS**

57. Paragraphs 1-56 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

58. Defendants' initiated a criminal proceeding without probable cause in violation of the Fourth Amendment to the United States Constitution.

59. Defendants' actions in initiating a proceeding, arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff for approximately 270 days, were a deprivation of his liberty consistent with a seizure in violation of the Fourth Amendment to the United States Constitution.

60. Defendants' did in fact initiate a proceeding, arrest, restrain, handcuff, transport, and incarcerate Plaintiff without probable cause and with malice in violation of the Fourth Amendment rights to the United States Constitution.

61. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer severe emotional, psychological and physical damages and losses.

62. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

## IX. Count IV.
## PLAINTIFF V. ALL DEFENDANTS
## 42 U.S.C. 1983 (Unreasonable Seizure)

63. Paragraphs 1-62 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

64. Defendants' actions in arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff constituted unreasonable and malicious seizures for purposes of the Fourth and Fourteenth Amendments to the United States Constitution.

65. Defendants' actions in arresting, restraining, handcuffing, transporting, and incarcerating Plaintiff were unreasonable and malicious in light of the surrounding circumstances.

66. Defendants' did in fact arrest, restrain, handcuff, transport, and incarcerate Plaintiff without probable cause in violation of the United States Constitution.

67. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer severe emotional, psychological and physical damages and losses.

68. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiffs were caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

## X. Count V
## 42 U.S.C. 1983
## Abuse of Process- 14th Amendment
## Against All Defendant Officers

69. Paragraphs 1-68 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

70. Defendants Affidavit of Probable Cause (Affidavit) in support of the Application for the arrest of Plaintiff contains no evidence whatsoever save for a conclusory statement accusing the Plaintiff of Guilt.

71. The intentionally deficient statements made by Detective Damiano in the Affidavit were each calculated to improperly secure the Magistrate's approval of the subject arrest warrant without providing any evidence.

72. Defendants Waeltz knew no facts existed and knew or should have known that they lacked probable cause to arrest Plaintiff.

73. The Defendants lacked legitimate probable cause to arrest Plaintiff.

74. Defendants maliciously procured an arrest warrant based upon no credible evidence targeting Plaintiff with a reckless regard for the truth and Defendants knew or should have known, probable cause was wanting.

75. It is therefore clear that the purpose of securing the arrest warrant without evidence was aimed at an objective that was not legitimate in the use of the process, to wit, sought to arrest an innocent African-American man for a crime he did not commit.

76. The process of securing the arrest warrant, even if obtained, constituted an abuse of process because it was used for the purpose of malicious prosecution, wrongful arrest and unlawful seizure, purposes other than that for which it was designed to accomplish.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court award judgment in Plaintiffs' favor and against Defendants, in an amount in excess of One Hundred Fifty Thousand Dollard ($150,000) together with punitive damages in their individual capacity and, such other relief which the Court may find appropriate.

## XI. COUNT VI
**PLAINTIFF V. ALL DEFENDANTS**
**OTHER THAN IN OFFICIAL CAPACITY**
**Supplemental State Claim**
**(Battery)**

77. Paragraphs 1-76 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

78. Defendants' ordered, consented, and or agreed to the physical restraining and handcuffing of Plaintiff without Plaintiffs' consent and without probable cause. Such restraining and handcuffing constitute harmful and offensive bodily contact.

79. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer severe emotional, psychological and physical damage and losses.

80. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

**XII. Count VII**
**PLAINTIFF V. ALL DEFENDANTS**
**OTHER THAN IN OFFICIAL CAPACITY**
**Supplemental State Claim**
**(False Imprisonment)**

81. Paragraphs 1-80 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

82. Defendants' ordered, consented, and or agreed to the arrest, physical restraint, handcuffing, transporting to jail, and incarceration. of Plaintiff without Plaintiffs' consent.

83. Defendants' actions in confining Plaintiff was unlawful.

84. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer severe emotional, psychological and physical damages and losses.

85. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

**XIII. Count VIII**
**PLAINTIFF V. ALL DEFENDANTS**
**OTHER THAN IN OFFICIAL CAPACITY**
**Supplemental State Claim**
**(Intentional Infliction of Emotional Distress)**

86. Paragraphs 1-85 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

87. Defendants' intentionally and or recklessly ordered, consented, and or agreed to the arrest, physically restrain, handcuff, transport to jail, and incarcerate Plaintiff without Plaintiffs' consent.

88. Defendants' actions in confining Plaintiff was unlawful and outrageous.

89. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer severe emotional, psychological and physical damages and losses.

90. As a direct and proximate result of the conduct of the defendants as aforesaid, which shocks the conscience, Plaintiff was caused to suffer those injuries, damages and losses described in the preceding paragraphs, each of which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

**XIV. Count IX**
**42 U.S.C. 1983**
**Punitive Damages**
**Plaintiff v. All Defendants**

91. Paragraphs 1-90 of the complaint are incorporated herein by reference, the same as though pleaded fully herein.

92. The malicious and intentionally reprehensible acts of Defendants simply guessing that the Plaintiff was the attacker in the affidavit and ultimately arresting and prosecuting this African American Man shocks the conscious.

93. The Defendants act of failing to provide any evidence of probable cause and intentionally restraining Plaintiff in jail for 270 days with conscious disregard for his safety shocks the conscious.

94. The Defendants callous indifference to the Constitutional rights of the Plaintiff will continue without being subject to Punitive Damages.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court award judgment in the favor of Plaintiff and against municipal defendants in an amount in excess of $250,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

## XIX. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Honorable Court enter judgment in the favor of Plaintiff's and against defendants in an amount in excess of $150,000.00, together with an award of costs and fees as permitted by law, and an award of punitive damages.

Respectfully submitted

FOR THE PLAINTIFF,

________________________________________

Michael A. Walker, Esquire
Identification No. 94774
The Walker Firm
516 Dekalb Street
Norristown, PA 19401
MAW@iwalkcm.com
610.279.3769

## VERIFICATION

I hereby affirm that the following facts are correct:

I am the Plaintiff Eugene Bull in the foregoing action and the attached Complaint are based upon information which I have furnished to my counsel and information which has been gathered by counsel. The language of the Complaint are that of counsel and not of me. I have read the Complaint and to the extent that the language is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the fact set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Eugene Bull
______________________________
Eugene Bull, Plaintiff

11/4/26
______________
Date